[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of New Haven at New Haven. The plaintiff, whose maiden name is Melanie J. McDaniel and the defendant were married on May 5, 1984, in West Haven, Connecticut. The plaintiff and the defendant have resided continuously in the State of Connecticut for at least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are three minor children issue of the marriage: Melanie J. Raubeson, born April 7, 1985, Cameron J. Raubeson, born February 17, 1988 and Chelsey-Lynn Raubeson, born October 28, 1991. No other children have been born to the plaintiff wife since the date of the marriage of the parties. The parties have received state assistance in the form of food stamps and health care.
The plaintiff is 34 years old and is in good health except for anxiety attacks due to stress from arguments and financial problems. The plaintiff graduated from high school and attended Stone Academy. In 1983 she became a licensed medical assistant. She was working for a pediatrician at the time of the marriage on May 5, 1984 and quit in November 1984. She was pregnant at the time and the defendant wanted her home. The plaintiff was out of the work force from 1984 until 1995. She would need retesting for reinstatement of her license as a medical assistant. She is CT Page 5561 currently employed by the West Haven Board of Education as a clerk to the assistant principal.
The defendant is 39 years old and appears to be in good health except for substance abuse and related problems. The defendant graduated from high school and is a licensed electrician. He is currently employed at CUNO and has been there for 13 years.
The plaintiff had surgery in 1986 to have a cyst removed from her ear. She was involved in a motor vehicle accident in October 1987 while six months pregnant. She received injuries to her neck and lower back. The plaintiff contributed between $1,500.00 and $2,000.00 towards the down payment on the house. She used $17,000.00 from the settlement to pay household bills and bought a car for the defendant.
The parties had financial problems and the plaintiff sought help from a financial source. She secured a deferment on the mortgage payment for 1 1/2 to 2 years. There was a second mortgage on the house [home equity loan] and the funds were used to pay some bills.
There were arguments between the plaintiff and the defendant and on one occasion, plaintiff threw a rocking chair at the defendant. There were also some physical altercations between the two parties.
The defendant brought $5,000.00 to the marriage. The funds were from a pension plan with his previous employer. During the marriage the defendant had a substance abuse problem. At times he drank until he passed out. He has several convictions for driving while under the influence. He has been incarcerated including ten days at Camp Hartell. His license has been suspended for three years and he is currently under a court order for testing for alcohol and drugs. His most recent public intoxication was on February 28, 1998 at a birthday party. The plaintiff drove the defendant back and forth while he was in treatment.
The defendant also used cocaine during the marriage. In December 1994, the plaintiff found the defendant barely conscious on his daughter's bed. She also found a pipe and other drug paraphernalia in the room. The defendant admitted that he had smoked crack. The defendant also admitted to taking money from his daughter to support his drug habit. CT Page 5562
The defendant went into treatment at the Shirley Frank Foundation where he was out-patient for six months. The defendant also went inpatient to Stone Haven, where he left before discharge, after one week. He continued out-patient for a few months. The defendant resumed drug use and in September 1995 he stood in front of a train in a suicide attempt. He was then admitted to Yale Psychiatric Institute and was in-patient for one month. Thereafter he was on disability for six months.
During the marriage both parties were yelling and screaming and throwing things. The defendant was arrested in November 1998 after a physical altercation with his daughter. On at least one occasion the defendant punched the wall and damaged part of the computer.
Both parties called each other names and now the daughter uses vulgar language. During the hearing the defendant stated that his wife "broke his stones" and at one point voluntarily left the courtroom.
During the marriage the defendant had a long standing custom of relying heavily on financial contributions from his mother. Anytime he asked her for money she gave it to him. At times he received as much as $5,000.00 at once. His mother gave him two cars, the jaguar and the Porsche.
The defendant had a personal checking account and a savings account and there was a joint checking account for household expenses. The plaintiff managed the joint account until May 1998 at which time the defendant's mother took control of it. As early as 1995 the defendant mother had control of his personal ckecking account.
The following property was considered for distribution:
 1. The marital residence purchased on October 1992 and valued at $115,000.00. There is a first mortgage of $85,130.00 and a second mortgage [home equity loan] of $5,650.00.
2. The plaintiff's 401k plan valued at $500.00.
3. The defendant's pension at CUNO valued at $3,576.00 with a pay out of $310.00 per month at age 65. CT Page 5563
 4. The three cars (i) 1986 Porsche; (ii) 1991 Jaguar X56; and (iii) 1993 Saturn.
5. Three emerald stones.
6. Sixteen pieces of Belleck China.
7. Household furnishings.
The court has considered the provisions of C.G.S. § 46b-84
regarding the issue of child support, C.G.S. § 46b-81 regarding the issue of property division and C.G.S. § 46b-62 regarding the issue of attorney's fees. The court enters the following orders:
 ORDERS
A. BY WAY OF DISSOLUTION
 1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
 2. The plaintiff's maiden name is restored to Melanie J. McDaniel.
B. BY WAY OF ALIMONY
 1. The defendant is ordered to pay to the plaintiff periodic alimony in the amount of $125.00 per week.
 2. The alimony payments will terminate upon the earliest of the following: (a) the death of either party (b) the remarriage of either party (c) June 1, 2005. The plaintiff was out of the work force for approximately ten years. By the year 2005 the plaintiff's earnings should reach a level where she can be self-sufficient.
 3. Alimony is non-modifiable as to term but is modifiable in accordance with C.G.S. § 46b-86(a) and (b).
 4. Payments are to be made by immediate wage withholding. Until the wage withholding is in effect, defendant shall pay in advance by money orders or bank checks.
C. BY WAY OF CUSTODY AND VISITATION CT Page 5564
 1. There shall be joint legal custody of the minor children with primary residence with the plaintiff.
 2. The defendant is awarded reasonable rights of visitation.
D. BY WAY OF CHILD SUPPORT
 1. The defendant is ordered to pay $273.00 per week in accordance with the child Support Guidelines.
 2. Payments are to be made by immediate wage withholding. Until the wage withholding is in effect, defendant shall pay in advance by money orders or bank checks.
E. BY WAY OF PROPERTY ORDERS
 1. The plaintiff shall have exclusive possession of the residence at 22 Peter Lane, West Haven until the earliest of the following: (a) the youngest child's eighteenth birthday or age 19 if still in high school (b) cohabitation pursuant to C.G.S. § 46b-86(b) and (c) remarriage.
 2. When any of the above occur the house will be sold and the proceeds, after all expenses, will be divided equally between the parties.
3. The plaintiff will pay the first and second mortgage.
 4. The 1991 Jaguar and 1993 Saturn are awarded to the defendant. The 1986 Porsche or $5,500.00 for the value of the Porsche is awarded to the plaintiff. The defendant shall hold her harmless as to any loan balance owed on the Porsche.
5. The three emerald stones are awarded to the plaintiff.
 6. The eight pieces of Belleck China that were gifts are awarded to the plaintiff. The remaining pieces are awarded to the defendant.
7. The plaintiff is awarded her 401k plan.
8. The defendant is awarded his pension plan. CT Page 5565
 9. All of the household furnishings in the home are awarded to the plaintiff.
F. LIFE INSURANCE
 The defendant will maintain an unencumbered life insurance policy of no less than $125,000.00 for the benefit of the minor children, as long as he has a child support obligation. The plaintiff will be named trustee. The defendant shall notify the plaintiff annually when the premium is paid.
G. MEDICAL AND DENTAL INSURANCE
 1. The defendant will provide medical and dental coverage as available through his employer for the benefit of the minor children.
 2. In the event that such coverage is not available through the defendant's employer, the plaintiff shall provide such coverage as available through her employer.
 3. The plaintiff and the defendant shall share equally all unreimbursed medical and dental expenses.
H. LIABILITIES
 Each party shall be solely responsible for the liabilities listed on their financial affidavits of April 14, 1999.
I. ATTORNEYS FEES
Each party shall pay their own attorney's fees.
J. DEDUCTIONS AND EXEMPTIONS
 The plaintiff shall deduct the mortgage interest and the defendant shall claim the children as exemptions on their Federal and State tax returns.
K. MISCELLANEOUS ORDERS
1. Both parties are ordered to attend the Parenting Education Classes. CT Page 5566
 2. The parties are to exchange copies of their Federal and State tax returns by certified mail and return receipt within fifteen days after such returns have been filed, for as long as there is any outstanding alimony and child support order or any outstanding arrearage from such orders.
 3. Counsel for plaintiff shall prepare the judgement file within thirty days and send to counsel for the defendant for signature and filing.
Crawford, J.